```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| LARRY MAXWELL NIXON, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | § CIVIL ACTION NO. H-14-1920 |
| | § |
| WILLIAM STEPHENS, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, CORRECTIONAL | § |
| INSTITUTIONS DIVISION, | § |
| | § |
| Respondent. | § |

### ORDER ADOPTING RECOMMENDATION
### OF THE MAGISTRATE JUDGE

Pending is Respondent's Motion for Summary Judgment (Document No. 18) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Respondent's Motion for Summary Judgment be GRANTED and that Petitioner's Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED with prejudice as time-barred. Petitioner filed Objections (Document No. 25) to the Memorandum and Recommendation. The Court, after having made a *de novo* determination of Respondent's for Summary Judgment, Petitioner's Application for Writ of Habeas Corpus, the Memorandum and Recommendation, and Petitioner's Objections, is of the opinion that the findings and recommendations of the Magistrate Judge are correct and should be and hereby are accepted by the Court in their entirety. Accordingly,

It is ORDERED and ADJUDGED for the reasons set forth in the

Memorandum and Recommendation of the United States Magistrate Judge filed on March 23, 2015, which is adopted in its entirety as the opinion of this Court, that Respondent's Motion for Summary Judgment (Document No. 18) is GRANTED, and Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED and DISMISSED with prejudice as time-barred.  It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted).  Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S.Ct. 329 (2001).  When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.  A

2

district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, which has been adopted in its entirety as the opinion of the Court, the Court determines that reasonable jurists would not debate the correctness of the limitations ruling.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas this 15th day of April, 2015.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE